UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FONG, et al., | Case No. 2:22-cv-01291-DC-CSK |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |
| v. | |
| U.S. BANCORP, et al., | (ECF No. 80) |
| Defendants. | |

Pending before the Court is Plaintiffs Peter Fong and Sut Fong's motion to compel discovery responses.[1] (ECF No. 80). A hearing was held via Zoom on December 16, 2025. Attorney Jason Toji Calabro appeared on behalf of Plaintiffs. Attorneys Karin Bohmholdt and Sam Payne appeared on behalf of Defendants U.S. Bancorp and U.S. Bank National Association. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel.

**I.    LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may generally seek discovery from any source after the parties confer as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1). The parties must hold their Rule 26(f) conference "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). In addition, "a party must, without awaiting a discovery request, provide to the other parties" its Initial Disclosures under Rule 26(a)(1)(A).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251. This Court's standing orders further require that conferring regarding discovery disputes must be done through communication that occurs in-person, by phone, or by video; written communication alone does not satisfy the requirement to confer where all parties raising the discovery matter are represented by counsel.

The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

"A district court has wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)).

///

## II.    DISCUSSION

Plaintiffs move to compel Defendants to substantively respond to their interrogatories and requests for production of documents (RFPs) served on September 17, 2025, where Defendants' responses were limited to objections. Defendants oppose Plaintiffs' motion to compel, arguing that discovery has not begun where there is no operative complaint and because the district judge "has ruled that discovery should not yet move forward given its order requiring Plaintiffs to seek leave to amend." Jt Stmt re: Disco. Disagreement at 9 (ECF No. 80-1). Defendants reason that because Plaintiffs' motion to file a Second Amended Complaint is pending, there is no operative complaint.

First, the Court concludes that discovery is not stayed in this case. Defendants have not filed a formal motion to stay discovery and no such order has issued staying discovery. *See* Docket. Despite Defendants' arguments to the contrary, Judge Coggins' September 8, 2025 Minute Order does not address discovery, which is significant because Defendants raised the discovery issue in their Rule 26(f) Joint Status Report. (*See* ECF Nos. 70, 71).

What is clear from the September 8, 2025 Minute Order is that the parties must file formal motions for court action, and not make informal requests for court action in documents like a status report, which is what both sides unsuccessfully attempted to do in their Joint Status Report. (ECF Nos. 70, 71.) Judge Coggins ordered Plaintiffs to "file either a motion seeking leave to file a second amended complaint or a notice that they no longer intend to do so." (ECF No. 71.)

Second, the Court concludes that discovery is appropriate at this stage under Rule 26(d)(1) because the parties have conducted their Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). On August 19, 2025, Judge Coggins issued a Minute Order making clear that the case was appropriate for scheduling, ordering the parties to file a Joint Status Report, and requiring the parties to inform the court of the parties' preference regarding attendance at a Scheduling Conference or whether a Scheduling Order should issue on the papers. (ECF No. 68.) In addition, Defendants provide no legal authority for

3

their argument that there is no operative complaint and the Court rejects this argument. Until Plaintiffs' motion to amend the complaint to file a Second Amended Complaint (SAC) is decided, the operative complaint is the First Amended Complaint (FAC). (ECF No. 69.) As confirmed at the hearing, Defendants have not filed a response to the FAC, which was filed on August 21, 2025 after the district court granted the parties' joint stipulation to permit Plaintiffs to file a FAC. *See* 8/19/2025 Minute Order (ECF No. 68); FAC (ECF No. 69); Docket. Defendants explained that the parties agreed that Defendants' response to the FAC was not due because Plaintiffs filed a motion to amend the FAC on September 11, 2025, and this motion is pending. Plaintiffs did not express any disagreement with Defendants' explanation. At the hearing, the Court warned the parties that the docket and record before the Court did not reflect any court order or agreement to extend the deadline for Defendants' response to the FAC, and noted that a court order may be required to extend the deadline. *See* Fed. R. Civ. P. 15(a)(3).

        Finally, though discovery is open and has not been stayed, the general order of discovery is for the parties to serve their Rule 26(a)(1) Initial Disclosures first before serving and responding to any discovery requests. Plaintiffs failed to provide justification to deviate from this procedure, and make arguments that are inconsistent with each other. *See* Joint Stmt re: Disco. Disagreement at 5 n.3 (arguing initial disclosures are not yet due). The Court does not find any justification to deviate from the standard practice and exercises its discretion to control discovery and manage the pretrial phase of litigation. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The parties will be required to exchange their Initial Disclosures before serving or responding to written discovery requests.

        Discovery is not currently stayed. If Defendants seek to stay discovery, they must file a formal motion. The Court notes that representations that a motion to dismiss the entire FAC or the entire SAC will be filed at some point in the future are not sufficient to justify staying discovery. Filing such a motion does not relieve the parties of their obligations to comply with this discovery order unless an order issues staying discovery

or continuing the deadlines set in this order.

### III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (ECF No. 80) is GRANTED IN PART and DENIED IN PART.
2. Parties must exchange their Initial Disclosures within 21 days of this order;
3. Within 30 days after Initial Disclosures are exchanged, Defendants shall provide further responses besides objections to Plaintiffs' interrogatories and RFPs.
4. Within 60 days of this order, the parties shall file a brief Joint Status Report re: Discovery Update providing an update on the parties' compliance with this discovery order.

Dated:  December 17, 2025

*(signature)*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/ fong1291.22