**GREENBERG TRAURIG, LLP**
KARIN L. BOHMHOLDT (SBN 234929)
bohmholdtk@gtlaw.com
SAM PAYNE (SBN 307484)
sam.payne@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

**GREENBERG TRAURIG, LLP**
MICHAEL M. KRAUSS (*Admitted Pro Hac Vice*)
kraussm@gtlaw.com
90 South 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 259-9700
Facsimile: (612) 677-3101

Attorneys for Defendants
U.S. BANCORP and
U.S. BANK NATIONAL ASSOCIATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER FONG and SUT FONG,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Case No. 2:22-cv-01291-DC-CSK<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF PETER FONG'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Judge: Hon. Dena Coggins<br>Magistrate Judge: Chi Soo Kim<br>Complaint Filed: July 21, 2022<br>First Am. Compl. Filed: August 21, 2025 |

PROPOUNDING PARTY: Plaintiff Peter Fong

RESPONDING PARTY: Defendant U.S. Bank National Association

SET NO.: One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 250.3 of the Local Rules of the Eastern District of California, Defendant U.S. Bank National Association ("Responding Party") hereby objects to and responds to Plaintiff Peter Fong's ("Propounding Party") Requests for Production of Documents, Set One, ("Requests"), as follows.

Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions.

Subject to and without waiving any objections, Responding Party provides supplemental responses pursuant to the Court's Order dated December 17, 2025 (ECF No. 86 at 5:7–9).

**GENERAL OBJECTIONS AND RESPONSES**

1. As noted above, Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions.

2. These responses are made solely for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and all other objections and grounds which

require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying in court. All said objections and grounds are expressly reserved and may be interposed at the time of trial.

3. Responding Party responds and objects to the Requests as it interprets and understands them. If Plaintiffs later assert an interpretation of any Request that differs from Responding Party's understanding, then Responding Party reserves the right to supplement its responses and objections.

4. Responding Party objects to the extent the Requests seek discovery that has been requested from another defendant on the grounds that such duplicate requests are unduly burdensome, oppressive, and harassing.

5. Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. § 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other

federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

6. Responding Party objects to each Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order. Responding Party objects to each Request to the extent it seeks any employee personnel files or other private, confidential documents or information, which shall be produced only subject to other legal constraints—e.g., the Gramm-Leach-Bliley Financial Modernization Act, the Health Insurance Portability and Accountability Act of 1996, etc.

7. Responding Party objects to each Request to the extent it seeks electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

8. Responding Party objects to all definitions, instructions, specifications and Requests that purport to impose any obligations on Responding Party beyond those set forth in the Federal Rules of Civil Procedure or any applicable local rule or order of the Court.

9. Responding Party objects to the definition of "PERSON" as vague and ambiguous to the extent it includes "a combination of any kind express or implied, de jure or de facto." Responding Party interprets "PERSON" by its ordinary meaning.

10. Responding Party objects to the definition of "U.S. BANCORP" as vague, ambiguous, overbroad and unduly burdensome to the extent it includes "direct and indirect parents, subsidiaries, affiliates, predecessors, successors, and assigns, and their owners, partners, directors, officers, managers, supervisors, employees, lawyers, advisors, agents and anyone acting on their behalf or under their direction or control," which may include documents and information not in Responding Party's possession, custody or control or persons whose identities Responding Party cannot know or reasonably be expected to know. Responding Party interprets "U.S. BANCORP" to mean U.S. Bancorp.

11. Responding Party objects to the definition of "U.S. BANK NA" as vague, ambiguous, overbroad and unduly burdensome to the extent it includes "direct and indirect parents, subsidiaries, affiliates, predecessors, successors, and assigns, and their owners, partners, directors, officers, managers, supervisors, employees, lawyers, advisors, agents and anyone acting on their behalf or under their

direction or control," which may include documents and information not in Responding Party's possession, custody or control or persons whose identities Responding Party cannot know or reasonably be expected to know. Responding Party interprets "U.S. BANK NA" to mean U.S. Bank National Association.

12. Responding Party objects to the definition of "U.S. BANK OPERATIONS" to the extent it includes "direct and indirect parents, subsidiaries, affiliates, predecessors, successors, and assigns, and their owners, partners, directors, officers, managers, supervisors, employees, lawyers, advisors, agents and anyone acting on their behalf or under their direction or control," which may include documents and information not in Responding Party's possession, custody or control or persons whose identities Responding Party cannot know or reasonably be expected to know. Responding Party further objects that there is no "U.S. BANK OPERATIONS" entity, and, to the extent Responding Party can understand this term, Responding Party interprets it to mean U.S. Bank National Association without inclusion of the quoted language above.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

ALL COMMUNICATIONS and other DOCUMENTS CONCERNING PLAINTIFFS' safe deposit box and account, including but not limited to all purported safe deposit box agreements, rental contracts, terms of service, correspondence, records of phone calls and other communications / attempted communications with PLAINTIFFS, announcements, notices, internal bank records, internal communications, internal notes in the account, bills, invoices, inventories of contents, as well as records of visits and/or access to the box by any PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave

to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by

the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and is not limited to the relevant scope or time.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that

are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the phrases “internal bank records” and “internal notes in the account.” Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks “ALL” of the material described, and is not limited to the relevant scope or time.

Responding Party objects to this Request to the extent that it seeks Responding Party’s confidential, private, or proprietary information prior to the entry of a protective order.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court’s order requiring the parties to engage in discovery at this time, Responding Party will conduct a reasonable investigation for and produce, subject to an appropriate protective order, on a rolling basis, responsive, nonprivileged records in its possession, custody or control, if any.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

ALL DOCUMENTS CONCERNING PLAINTIFFS’ allegations of missing property.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF

No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request on the grounds that it seeks information that is not

relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under

12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the phrase "Plaintiffs' allegations of missing property." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

Responding Party objects to this Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party will conduct a reasonable investigation for and produce, subject to an appropriate protective order, on a rolling basis, responsive, nonprivileged records in its possession, custody or control, if any.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

ALL DOCUMENTS CONCERNING ANY investigations, reviews, or other inquiries YOU conducted relating to PLAINTIFFS' allegations of missing property, including but not limited to any photos, videos, and/or other media reviewed, policies and procedures consulted, interviews, records and other evidence considered, notes, drafts, conclusions, and comments and/or actions taken by YOU to address the issues referenced as part of the review / investigation / inquiry. For the avoidance of doubt this

request includes but is not limited to the "review" and "monitor[ing]" referenced in or relied upon in the February 16, 2022, letter from US Bank to PLAINTIFFS (filed as Doc. No. 17-2 in the ACTION).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production

of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the phrases "reviews, or other inquiries," "policies and procedures consulted," at a minimum. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy

Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

Responding Party will not produce documents in response to this Request on the basis that any such documents are Privileged Materials.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

ALL video surveillance footage showing PLAINTIFFS' safe deposit box being accessed, removed, drilled, or its contents being handled in any way (at any time before, during, and after the box was drilled).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous insofar as it uses the phrases "being accessed," "removed," and "contents being handled in any way." Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to

the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and is not limited in scope or time.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, following a reasonable investigation, Responding Party states no responsive documents exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

A floor plan of the USB SACRAMENTO BRANCH showing the placement of surveillance cameras in that branch.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it lacks reasonable limitation to scope or time.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it lacks reasonable limitation to scope or time.

Responding Party objects to this Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order.

Responding Party will not produce documents in response to this Request on the grounds that it is overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case and would be proprietary and highly confidential, and the burden associated with responding outweighs any benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

The internal manuals, policies, procedures, training materials, and guidance regarding the opening, handling, maintaining, drilling, and/or closing of safe deposit boxes that applied to PLAINTIFFS' safe deposit box at any time.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order

that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable scope or time period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the terms "opening," "handling," and "maintaining." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, overbroad as to time, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable scope or time.

Responding Party objects to this Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party will conduct a reasonable investigation for and produce, subject to an appropriate protective order, on a rolling basis, responsive, nonprivileged policies and/or procedures relating to the drilling of safe deposit boxes and/or the inventory of safe deposit box contents, in its possession, custody or control, for the time period during which Plaintiffs' safe deposit box was drilled and its contents inventoried, if any.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

ALL "policies and procedures" as referenced in the February 16, 2022, letter from US Bank to PLAINTIFFS (filed as Doc. No. 17-2 in the ACTION), that are relevant to the facts and allegations arising out of this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to

the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

Responding Party objects to the phrase "that are relevant to the facts and allegations arising out of this ACTION" as vague and ambiguous.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:</u>**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request to the extent that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the phrase "that are relevant to the facts and allegations arising out of this ACTION." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and not limited in time.

Responding Party objects to this Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party will conduct a reasonable investigation for and produce, subject to an appropriate protective order, on a rolling basis, responsive, nonprivileged documents in its possession, custody or control, if any.

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:</u>**

ALL "review[s]" and "internal[] monitor[ing] for compliance" of the policies referenced in Request No. 7 above, as referenced in the February 16, 2022, letter from US Bank to PLAINTIFFS (filed

as Doc. No. 17-2 in the ACTION).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

To the extent this Request refers to or incorporates Request No. 7, Responding Party refers to and incorporates its objections to that Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and

ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and

unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and is not limited in scope or time.

To the extent this Request refers to or incorporates Request No. 7, Responding Party refers to and incorporates its objections to that Request.

Responding Party will not produce documents in response to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit, because it lacks any reasonable limitations to scope or subject matter. Moreover, the words "reviewed" and "monitored" are used as verbs in the referenced letter, and this Request uses bracketed alterations to transform them into nouns and demand their production, which is nonsensical. *See* ECF 17-2 ("As a federally regulated national bank, our policies and procedures are stringently reviewed and internally monitored for compliance.").

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

ALL COMMUNICATIONS AND other DOCUMENTS with law enforcement or regulatory bodies concerning PLAINTIFFS' allegations and/or this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as

vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, "Privileged Materials"). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and

unnecessarily requesting cumulative evidence, as it seeks “ALL” of the material described.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to each Request insofar as it seeks, or can be construed to seek, the disclosure of information subject to the bank examination privilege, 12 U.S.C. § 1828(x), Bank Secrecy Act, the attorney-client privilege, the joint defense or common interest privileges, the work-product doctrine or any other applicable privilege or immunity from disclosure, or information protected from discovery because it reflects the impressions, conclusions, opinions or legal research or theories of its attorneys (collectively, “Privileged Materials”). To the extent that the Requests seek such Privileged Materials that may otherwise be responsive to any Request, Responding Party hereby claims such privilege and invokes such protection and will not disclose such Privileged Materials nor disclose their existence, if any. Responding Party objects to the Requests to the extent that they call for the production of information or documents that are shared pursuant to Section 314(b) of Public Law 107-56. Responding Party objects to the Requests to the extent that they call for the disclosure of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.20. Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 208.62(j) or in any other way disclose information relating to such a request, as required by federal law. Responding Party objects to the disclosure of any information that may reveal, in any fashion, the preparation of any log under 12 C.F.R. § 208.62(i). Responding Party will not produce in any form any document that is privileged under 12 C.F.R. § 21.11(k) or in any other way disclose information relating to such a request, as required by

federal law, namely 31 U.S.C. §§ 5311 *et seq.*, 5318. No documents or information will be provided that are privileged or otherwise protected from disclosure under any other federal or state regulation. If Responding Party inadvertently responds with privileged or protected documents or information, such response shall not be construed as a waiver of such privilege or protection.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and is not limited in time.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party states that the request on its face calls for privileged documents subject to governmental privileges and no documents will be produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

ALL complaints, claims, reports, notices, lawsuits, arbitration or other judicial proceedings, and other DOCUMENTS referencing ANY allegation (substantiated or otherwise) YOU received that the contents of a safe deposit box in a U.S. Bank branch (at any location) were missing and/or not properly returned to the PERSON who rented the safe deposit box.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the

burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and it is not limited to a reasonable time period, location or subject matter.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the terms and/or phrases "complaints," "claims," "reports," and "notices." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence.

Responding Party objects to this Request to the extent it seeks documents or information already in Plaintiffs' possession, custody or control or equally available to Plaintiffs through publicly available information such as public court filings.

Responding Party will not produce documents in response to this Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, equally and readily available to Plaintiffs in public filings, and the burden associated with responding outweighs any benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

The personnel files for Branch Manager Bobby Escalante, and all others involved in the handling, "drilling," and/or closing of PLAINTIFFS' safe deposit box at any point from September 1, 2021, to December 31, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case. Responding Party objects on the grounds that the request unduly violates a third party's right to privacy.

Responding Party objects to the words "handling" and "closing" as vague and ambiguous in the context of this Request.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and seeking private, confidential or privileged information of employees and third parties, to the extent it seeks "personnel files" in their entirety. For example, as written, this Request would include documents or information unrelated to Plaintiffs' safe deposit box.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the terms and/or phrases "personnel files," "handling," and "closing." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case. Responding Party objects on the grounds that the request unduly violates a third party's right to privacy.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and seeking private, confidential or privileged information of employees and third parties, to the extent it seeks "personnel files" in their entirety, and without limitation on time or subject matter.

Responding Party will not produce documents in response to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not relevant to any claim or defense in this action nor proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and seeks private, confidential or privileged information of employees and/or third parties.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

ALL policies or agreements or other arrangements for indemnity or insurance (including reinsurance) that could respond, cover, or otherwise pertain to this ACTION, and any relevant claims or

other requests for indemnity submitted in connection with those policies / agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

Responding Party objects to the phrase "could respond, cover, or otherwise pertain to this ACTION, and any relevant claims or other requests for indemnity submitted in connection with those policies / agreements" as vague and ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden

associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the phrases "could respond, cover, or otherwise pertain to this ACTION, and any relevant claims or other requests for indemnity submitted in connection with those policies / agreements." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party is presently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a possible judgment.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Roster of all YOUR officers and directors from January 1, 2019, to present who have any roles and/or responsibilities at U.S. BANK BANCORP and/or U.S. BANK OPERATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties'

competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the terms "U.S. Bank Bancorp" and "U.S. Bank Operations." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party will not produce documents in response to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

ALL DOCUMENTS sufficient to show shared employees, office space, or resources between U.S. BANCORP on the one hand, and U.S. BANK NA or U.S. BANK OPERATIONS on the other.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Responding Party incorporates its General Responses and Objections. Responding Party objects

to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described without reasonable limitations to scope or subject matter.

Responding Party objects to the phrase "ALL DOCUMENTS sufficient to show" as vague and ambiguous; Responding Party interprets this phrase as used in this Request to mean "documents sufficient to show."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the term "U.S. Bank Operations." Responding Party objects to this Request to

the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described without limitations in time, to scope or subject matter.

Responding Party objects to the phrase "ALL DOCUMENTS sufficient to show" as vague and ambiguous; Responding Party interprets this phrase as used in this Request to mean "documents sufficient to show."

Responding Party will not produce documents in response to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit.

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:</u>**

ALL COMMUNICATIONS between or among any of U.S. BANCORP on the one hand, and U.S. BANK NA or U.S. BANK OPERATIONS on the other, regarding safe deposit boxes, customer property, or branch closures and consolidations.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:</u>**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties'

competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and it is not limited by reasonable time period, location or subject matter.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous with respect to the terms and/or phrases "U.S. Bank Operations" and "customer property." Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, as it seeks "ALL" of the material described, and it is not limited by time, location or relevant subject matter.

Responding Party will not produce documents in response to this Request on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

YOUR document retention policies, including but not limited to the retention policy for video surveillance cameras in the USB SACRAMENTO BRANCH.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, to the extent it seeks all document retention policies for the branch, and it is not limited by reasonable scope or time period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous, to the extent "YOUR" incorporates Plaintiffs' definition of "U.S. BANK NA," which Responding Party interprets to mean U.S. Bank. National Association and to the extent it requests a "retention policy for video surveillance cameras" as well as specific retention policies for a particular branch. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and unnecessarily requesting cumulative evidence, to the extent it seeks all document retention policies for U.S. Bank, and it is not limited by reasonable scope or time period.

Responding Party will not produce documents in response to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, seeks the production of documents or disclosure of information that is neither relevant to the parties' claims and defenses in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

To the extent not produced in response to the foregoing requests, All DOCUMENTS YOU may use to support YOUR claims and defenses in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Responding Party incorporates its General Responses and Objections. Responding Party objects to the Requests as premature because discovery has not yet opened in this matter. The parties set forth their respective positions relating to discovery scheduling in the September 2, 2025, Joint Report (ECF No. 70), with Plaintiffs arguing that discovery should be opened and proceed and Defendants arguing that

it should not be opened until the pleadings were settled. The Court issued an order in response (ECF No. 71), ordering solely that Plaintiffs file their motion for leave to amend their complaint and did not order that discovery could proceed. Plaintiffs' motion for leave to file a second amended complaint is pending. Consequently, this discovery was served improperly and in violation of the Court's ruling on the parties' competing positions. Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to the Request as vague and ambiguous. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Responding Party incorporates its General Responses and Objections.

Responding Party objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action nor proportional to the needs of the case, and the burden associated with responding outweighs any benefit. Responding Party objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection from discovery or disclosure. Responding Party objects to this Request to the extent it seeks production of electronically stored information, the recovery or restoration of which is unduly burdensome, expensive, or disproportional to the needs of the case.

Responding Party objects to this Request to the extent that it seeks Responding Party's confidential, private, or proprietary information prior to the entry of a protective order.

Subject to and without waiving its objections, and subject to any future order staying discovery but in response to the Court's order requiring the parties to engage in discovery at this time, Responding Party will conduct a reasonable search for and produce, subject to an appropriate protective order, on a rolling basis, responsive, nonprivileged documents in its possession, custody or control, if any.

Dated: February 6, 2026

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Karin L. Bohmholdt*
Karin L. Bohmholdt
*Attorneys for Defendants*
U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067-2121**;** debi.delgrande@gtlaw.com.

On February 6, 2026 I served **DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF PETER FONG'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested parties, addressed as follows:

J. Toji Calabro
CALABRO | LAW OFFICE
Two Pershing Square
2300 Main Street, 9th Floor
Kansas City, Missouri 64108
(888) 585-1247
tojicalabro@calabro-law.com

*Attorneys for Plaintiffs*

**(BY EMAIL)** The above listed document was electronically served on the parties listed at the email addresses named above.

I declare under penalty of perjury that the above is true and correct.

Executed on February 6, 2026 at Los Angeles, California.

*/s/ Debi Del Grande*
Debi Del Grande