UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER FONG, et al.,

Plaintiffs,

v.

U.S. BANCORP, et al.,

Defendants.

Case No. 2:22-cv-01291-DC-CSK

ORDER

(ECF Nos. 118, 119, 123, 124, 125, 126, 132)

Pending before the Court are the following discovery motions: (1) Defendant U.S. Bank National Association's ("USBNA") motion to compel Plaintiffs Peter Fong and Sut Fong's further responses to Defendant's first set of interrogatories (ECF No. 118); (2) Defendant USBNA's motion to compel Plaintiffs' further responses to Defendant's first set of requests for production ("RFP") (ECF No. 119); (3) Plaintiff Peter Fong's motion to compel Defendant USBNA's further responses to Plaintiff's first set of RFPs (ECF No. 123); (4) Plaintiff Peter Fong's motion to compel Defendant U.S. Bancorp's ("Bancorp") further responses to Plaintiff's first set of RFPs (ECF No. 124); (5) Plaintiff Peter Fong's motion to compel Defendant USBNA's further responses to Plaintiff's first set of interrogatories (ECF No. 125); and (6) Plaintiff Peter Fong's motion to compel Defendant Bancorp's further responses to Plaintiff's first set of interrogatories (ECF No.

126).[1] Plaintiff Peter Fong also filed a related request to seal. (*See* ECF No. 132.) A hearing was held on October 6, 2026. Attorney Jason Toji Calabro appeared as counsel for Plaintiffs; attorney Karin Bohmholdt appeared as counsel for Defendants. (ECF No. 139.)

For the reasons that follow, the Court GRANTS Plaintiff Peter Fong's request to seal (ECF No. 132); GRANTS IN PART and DENIES IN PART Defendant USBNA's motions to compel (ECF Nos. 118, 119); GRANTS IN PART and DENIES IN PART Plaintiff Peter Fong's motions to compel as to Defendant USBNA (ECF Nos. 123, 125); DENIES without prejudice Plaintiff Peter Fong's motions to compel as to Defendant Bancorp (ECF Nos. 124, 126); and DENIES Defendant USBNA's and Plaintiff Peter Fong's requests for attorney's fees and costs.

## I. BACKGROUND

### A. Factual Allegations

Plaintiffs Peter Fong and Sut Fong allege that they paid for a safe deposit box at a U.S. Bank branch bank maintained by Defendants in Sacramento and stored cash and jewelry in the safe deposit box. Third Amended Complaint ("TAC") ¶¶ 28-29 (ECF No. 113). Plaintiffs allege that on November 17, 2021, as part of a campaign to "consolidate" safe deposit boxes among multiple branch banks, Defendants "drilled" into their safe deposit box without Plaintiffs' knowledge or consent. *Id.* ¶¶ 18-20, 30. Around that time, a law enforcement professional informed Plaintiffs about the drilling. *Id.* ¶ 32. Plaintiffs allege they then visited the bank branch and learned that their safe deposit box had been stored, unlocked, outside of the bank vault and that its contents were missing cash and other items. *Id.* ¶¶ 33-34. Plaintiffs allege Defendants failed to produce the missing property, provide an explanation for the missing property, or disclose details of a purported internal investigation of the matter. *Id.* ¶¶ 35-38. Plaintiffs assert claims for strict liability, conversion, trespass to chattels, negligence, promissory estoppel,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

intentional infliction of emotional distress, unjust enrichment, unfair business practices pursuant to California Business & Professions Code section 17200, and receipt of stolen property in violation of California Penal Code section 496(c). *Id.* ¶¶ 41-152.

**B. Procedural Posture**

Plaintiffs initiated this action against Defendants on July 21, 2022. (ECF No. 1.) Pursuant to the parties' stipulation (ECF Nos. 111, 112), Plaintiffs filed the Third Amended Complaint on July 9, 2026. TAC. Defendants' motions to dismiss the TAC are concurrently pending before the district judge. (*See* ECF Nos. 115, 117.)

**C. Background of the Discovery Dispute**

On September 17, 2025, Plaintiff Peter Fong served written discovery on Defendants. Jt. Stmt. re MTC USBNA at 1 (ECF No. 131). Defendants served objections on October 17, 2025 on grounds that discovery was not yet open. *Id.* After the Court's December 17, 2025 order clarifying that discovery was open (ECF No. 86), Defendants served supplemental responses on February 9, 2026. *Id.* The parties met and conferred on March 3, 2026 and June 2, 2026. *Id.*; *see also* ECF No. 131-3 at 13; ECF No. 133-3 at 13.

On March 4, 2026, Defendant USBNA served its first set of interrogatories and RFP on Plaintiffs. Jt. Stmt. re MTC Pls. at 2 (ECF No. 130). Plaintiffs served responses and objections on April 3, 2026 and produced some documents in May 2026. *Id.* The parties met and conferred on June 2, 2026, after which Plaintiffs produced supplemental responses and produced additional documents on June 22, 2026. *Id.*

On September 10, 2026, Defendant USBNA filed motions to compel Plaintiffs' further responses to interrogatories and further responses to RFPs. (ECF Nos. 118, 119.) On September 14, 2026, Plaintiff Peter Fong filed motions to compel each Defendant's further responses to Plaintiff's RFPs and interrogatories. (ECF Nos. 123, 124, 125, 126.) On September 16, 2026, the Court ordered the parties to file no more than three joint statements addressing the following discovery disputes: (1) Defendant USBNA's motions to compel written discovery (ECF Nos. 118, 119), (2) Plaintiff Peter

Fong's motions to compel written discovery as to Defendant USBNA (ECF Nos. 123, 125), and (3) Plaintiff Peter Fong's motions to compel written discovery as to Defendant Bancorp (ECF Nos. 124, 126). 9/16/2026 Order (ECF No. 128). In response to Plaintiff Peter Fong's administrative motion (ECF No. 127), the Court also directed the parties to attach the disputed discovery responses as exhibits to each Joint Statement. *Id.* The parties filed the three joint statements on September 22, 2026. (ECF Nos. 130, 131, 133.) Additionally, Plaintiff Peter Fong filed a notice of request to seal and submitted a request to seal Exhibit F to the parties' discovery dispute joint statement re: Plaintiff's motions to compel Defendant USBNA. (*See* ECF No. 132.)

## II. LEGAL STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation modified). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation modified).

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether

the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). A party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Rule 33(b) requires verification by the person who is responding (the party) to the interrogatory, not just a signature from the attorney. Fed. R. Civ. P. 33(b). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251. The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and

why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel or if the disclosure or requested discovery is provided after the motion was filed, then the court <u>must</u> order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## III. DISCUSSION

Before the Court addresses the parties' discovery disputes, the Court first addresses Plaintiff Peter Fong's request to seal.

### A. Request to Seal

Plaintiff Peter Fong requests to seal Exhibit F to the parties' discovery dispute joint statement regarding Plaintiff's motions to compel Defendant USBNA. (*See* ECF No. 132.) Exhibit F is an internal investigatory report created by Defendants. Because the document was produced by Defendants and designated by Defendants as "Confidential" under the Protective Order in this case (ECF No. 99), Defendants submitted a memorandum in support of Plaintiff Peter Fong's request to seal. Defendants request this document be sealed because it contains confidential and proprietary business information related to internal bank investigation files.

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978). Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, "for sealed materials attached to a discovery motion unrelated to the merits of a case . . . . a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation modified); *see also* Fed. R. Civ. P. 26(c)(1).

Here, the Court finds good cause to seal Exhibit F for the reasons stated by Defendants. *See Jasso v. Wells Fargo Bank, N.A.*, 2023 WL 8370149, at *2 (D. Nev. Dec. 1, 2023). Thus, Plaintiff Peter Fong's request to seal Exhibit F is granted.

**B. Defendant USBNA's Motion to Compel**

Defendant USBNA seeks to compel (1) Plaintiffs' further responses to Interrogatory Nos. 8, 15, 16, 17, 21, 22, and 23 of Defendant USBNA's first set of interrogatories to each Plaintiff; and (2) Plaintiffs' further responses to RFP Nos. 1, 5-8, 21, and 25 of Defendant USBNA's first set of RFPs to each Plaintiff. (ECF Nos. 118, 119.) Both Plaintiff Peter Fong and Plaintiff Sut Fong asserted the same objections and responses to Defendant USBNA's requests. Jt. Stmt. re MTC Pls. at 3, 13.

1. Unverified Interrogatory Responses

As an initial matter, Defendant USBNA contends that Plaintiffs have not verified their supplemental responses to Defendant USBNA's interrogatories. *Id.* at 3. Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Accordingly, the Court grants in part Defendant USBNA's motion to compel. Plaintiffs must verify their supplemental responses to Defendant USBNA's interrogatories under oath by October 21, 2026. In addition, Plaintiffs are reminded that any further supplemental interrogatory responses ordered must also be verified as required. *See* Fed. R. Civ. P. 33(b)(3).

/ / /

2. <u>Disclosure of Withheld Information or Documents</u>

Defendant USBNA further contends that Plaintiffs' responses are generally incomplete. As to Defendant USBNA's interrogatories, Defendant USBNA challenges Plaintiffs' supplemental responses to the extent they fail to disclose whether Plaintiffs have withheld responsive *information* rather than "materials." Jt. Stmt. re MTC Pls. at 3. Plaintiffs respond they have offered to amend their supplemental interrogatory responses to state that no responsive "information" is being withheld. *Id.* at 6. Similarly, as to Defendant USBNA's RFPs, Defendant asserts that Plaintiffs fail to specify whether responsive documents are being withheld. *Id.* at 13.

As stated above, Rule 33 requires complete responses to interrogatories to the extent not objected to. *See* Fed. R. Civ. P. 33(b)(3). Further, Rule 34 requires that parties responding to RFPs "must state whether any responsive materials are being withheld on the basis" of an objection. Fed. R. Civ. P. 34(b)(2)(C). Thus, (1) to the extent Plaintiffs have not further supplemented their interrogatory responses to indicate that no responsive information is being withheld, Plaintiffs are ordered to supplement their interrogatory responses by October 21, 2026; and (2) to the extent Plaintiffs have not further supplemented their RFP responses to indicate that no responsive documents are being withheld, Plaintiffs are ordered to supplement their RFP responses by October 21, 2026. If Plaintiffs withhold responsive documents on the basis of any objection, Plaintiffs must supplement their responses to so indicate. *See* Fed. R. Civ. P. 34(b)(2)(C). If Plaintiffs withhold responsive documents on the basis of privilege, a privilege log must be provided by October 21, 2026. *See* Fed. R. Civ. P. 26(b)(5)(A). Accordingly, the Court grants in part Defendant USBNA's motions to compel.

3. <u>Interrogatory No. 8</u>

Defendant USBNA seeks "all facts and circumstances relating to the opening of a safe deposit box at USBNA[.]" (ECF No. 130, Exh. A at 10-11; Exh. B at 10-11.) The interrogatory further requires Plaintiffs to describe "the documents you reviewed, received, and/or signed in 2000, 2012, and 2013, with whom you met at USBNA in 2000,

2012, and 2013, and any communications and/or conversations with USBNA that you recall relating to the opening of a safe deposit box in 2000, or the signing of new contracts in 2012 and 2013." (*Id.*) In the joint statement, Defendant USBNA argues that Plaintiffs' responses are incomplete because Plaintiffs provided only a general narrative but failed to provide the specific information requested. Jt. Stmt. re MTC Pls. at 4-5. Plaintiffs reply that they responded to the interrogatory as presented and that the additional information requested creates a compound request. *Id.* at 5. Defendant USBNA's first set of interrogatories contains 24 numbered interrogatories. (*See* ECF No. 130, Exh. A at 23; Exh. B at 23.)

The Court agrees with Plaintiffs that Interrogatory No. 8 is compound and therefore, together with Defendant USBNA's other numbered interrogatories, exceeds Rule 33's 25-interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). The various subparts of this interrogatory are not "logically or factually subsumed within and necessarily related to the primary question," and therefore does not count as one interrogatory. *See MCC Controls v. Hal Hays Constr.*, 2020 WL 6034321, at *4 (C.D. Cal. July 23, 2020).

Further, Defendant USBNA's request for "all facts and circumstances" on the topic of Plaintiffs' opening of a safe deposit box at USBNA is overbroad and unduly burdensome. *See Alacraz v. Marten Transp. Ltd.*, 2025 WL 73060, at *3 (E.D. Cal. Jan. 10, 2025) (interrogatories requiring responding party to "state all facts" deemed overbroad and unduly burdensome). Accordingly, Defendant USBNA's motion to compel as to Interrogatory No. 8 is denied.

4. <u>Interrogatory Nos. 15-17</u>

Interrogatory No. 15 seeks "all facts supporting [Plaintiffs'] claim that [Plaintiffs] have a relationship with U.S. Bancorp," while Interrogatory Nos. 16 and 17 seek "all witnesses" with knowledge of those facts, and "all DOCUMENTS" relating to those facts. (ECF No. 130, Exh. A at 16; Exh. B at 16.) Among other grounds, Plaintiffs objected to Interrogatory No. 15 as vague and ambiguous. (*Id.*) Plaintiffs further argue that the interrogatory is vague as to the term "relationship" and as to what "claim" Defendant

USBNA purports that Plaintiffs have made. Jt. Stmt. re MTC Pls. at 7-8. Defendant USBNA contends that the term "relationship" carries its ordinary meaning and that the interrogatory is justified because Plaintiffs have asserted claims against Defendant Bancorp. *Id.* at 6-7.

The Court agrees with Defendant USBNA that the term "relationship" is not vague. Although Plaintiffs cite an out-of-circuit case finding the term "relationship" vague, *see Perry v. Randstad Gen. Partner (US) LLC*, 2015 WL 2169847 (E.D. Mich. May 8, 2015), courts in this circuit have overruled such objections to interrogatories requesting parties' relationship with other entities. *See ML Prods., Inc. v. Billiontree Tech. USA, Inc.*, 2025 WL 2995102, at *21 (C.D. Cal. Sept. 5, 2025) (overruling objection to term "relationship" as vague and overbroad); *Better Care Plastic Tech. Co. v. Gredale, LLC*, 2022 WL 2046206, at *4 (C.D. Cal. Mar. 4, 2022) ("Defendant fails to show how the term 'relationship' could possibly be vague or ambiguous in the context of this litigation."). Thus, the Court grants Defendant USBNA's motion to compel as to Interrogatory Nos. 15, 16, and 17. Plaintiffs are ordered to supplement their interrogatory responses by October 21, 2026.

5. Interrogatory Nos. 21-23

Interrogatory No. 21 seeks a description of "all physical or emotional injuries [Plaintiffs] claim to have suffered as a result of the incidents [Plaintiffs] allege in this case," including the dates of injury, treating physicians, dates of treatment, and medications.[2] (ECF No. 130, Exh. A at 20; Exh. B at 20.) Interrogatory Nos. 22 and 23 seek "all witnesses" with knowledge of those facts and "all DOCUMENTS" relating to those facts. (*Id.*, Exh. A at 21, 22; Exh. B at 21, 22.) Defendant USBNA argues that Plaintiffs have not provided a complete response to Interrogatory No. 21 because they each provided an identical narrative of how each Plaintiff was harmed but fail to specify

[2] The parties' joint statement does not address Plaintiffs' objection that Interrogatory No. 21 is compound. *See* Jt. Stmt. re MTC Pls. at 9. The Court therefore does not reach this issue.

their physical and emotional injuries as required by the interrogatory. Jt. Stmt. re MTC Pls. at 10-11. Plaintiffs respond that they have adequately answered the interrogatory and state they have produced all of their responsive medical records. *Id.* at 11. The parties further dispute whether Plaintiffs adequately responded to Interrogatory Nos. 22 and 23 in light of Plaintiffs' response to Interrogatory No. 21. *Id.* at 11-13.

The Court finds that Plaintiffs have not adequately answered Interrogatory No. 21. For example, although Plaintiffs' responses indicate that they each have PTSD upon seeing or remembering seeing bank manager Bobby Escalante's "happy and smiling face," Plaintiffs fail to specify whether or when each plaintiff was diagnosed with PTSD, whether or when each plaintiff received treatment for PTSD, who treated each plaintiff, and whether each plaintiff took any medications to treat PTSD. (*See* ECF No. 130, Exh. A at 21; Exh. B at 21.) These defects occur throughout Plaintiffs' responses to Interrogatory No. 21. By October 21, 2026, Plaintiffs are ordered to supplement their interrogatory responses to Interrogatory No. 21, and to supplement their responses to Interrogatory Nos. 22 and 23 regarding any physical and emotional injuries they specify in response to Interrogatory No. 21. *See* Fed. R. Civ. P. 33(b)(3). The Court accordingly grants Defendant USBNA's motion to compel as to Interrogatory Nos. 21, 22, and 23.

6. <u>RFP No. 1</u>

Defendant USBNA seeks "[a]ll DOCUMENTS regarding any safe deposit box [Plaintiffs] had or claim to have had with U.S. Bank National Association." (ECF No. 130, Exh. C at 2; Exh. D at 2.) Defendant USBNA argues that Plaintiffs have improperly limited their response to produce documents "concerning the USBNA safe deposit box at issue in this case." Jt. Stmt. re MTC Pls. at 14. In opposition, Plaintiffs do not deny that their response is limited to the safe deposit box at issue but note that their supplemental response does not contain a limitation to a "particular" safe deposit box, presumably meaning a particular safe deposit box number. *Id.* at 15.

The Court finds that Defendant USBNA's request is relevant to test Plaintiffs' credibility regarding whether they understood their safe deposit box with Defendants was

governed by contract terms. *See* Fed. R. Civ. P. 26(b)(1); Jt. Stmt. re MTC Pls. at 16. Although the request is unlimited as to time, that does not appear to create overbreadth issues where Plaintiffs do not indicate that they have or had a large number of other safe deposit boxes with Defendant USBNA. Accordingly, Defendant USBNA's motion to compel is granted as to RFP No. 1.

7. RFP Nos. 5, 6, 7, 8

RFP Nos. 5 through 8 seek documents concerning *any* safe deposit box, contract, signature card, or account Plaintiffs *have ever had* with *any* financial institution. (ECF No. 130, Exh. C at 6-8; Exh. D at 6-8.) Plaintiffs object that these requests are facially overbroad and disproportionate. (ECF No. 130, Exh. C at 6-9; Exh. D at 6-9); Jt. Stmt. re MTC Pls. at 17, 18, 19, 20.

The Court agrees with Plaintiffs as to RFP Nos. 6 through 8, which are facially overbroad and not proportional to the needs of the case where Plaintiffs' dispute is limited to their safety deposit box held with Defendants. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, Defendant USBNA's motion to compel is denied as to RFP Nos. 6, 7, and 8.

However, as to RFP No. 5, which seeks documents regarding any safe deposit box that either Plaintiff has ever maintained at any institution, the Court concludes Defendant USBNA's request is relevant to test Plaintiffs' credibility regarding whether they understood their safe deposit box with Defendants was governed by contract terms. *See* Fed. R. Civ. P. 26(b)(1); Jt. Stmt. re MTC Pls. at 16. Although the request is unlimited as to time, that does not appear to create overbreadth issues in this case where, at the October 6, 2026 hearing, counsel for Plaintiffs indicated that Plaintiffs may have only one other safe deposit box at another financial institution. Accordingly, the Court grants Defendant USBNA's motion to compel as to RFP No. 5.

8. RFP No. 21

Defendant USBNA seeks Plaintiffs' medical records from five years before the date of the events alleged in the case, that is, from November 17, 2016, to the present. (ECF No. 130, Exh. C at 19; Exh. D at 19.) Plaintiffs' supplemental responses state that

"no responsive materials that Plaintiff was able to locate after a reasonable search/investigation are being withheld based on any objection asserted above." (ECF No. 130, Exh. C at 19-20; Exh. D at 20.) In the joint statement, Defendant USBNA argues this response does not clearly state what is being produced. Jt. Stmt. re MTC Pls. at 20-21. Plaintiffs contend they have produced what they have and that only privileged and expert materials have been withheld. *Id.* at 21. Similarly, at the October 6, 2026 hearing, Plaintiffs' counsel reiterated that they have produced all documents responsive to this RFP. Plaintiffs have not made this clear in their supplemental RFP responses, however.

The Court grants in part Defendant USBNA's motion to compel as to RFP No. 21. By October 21, 2026, to the extent Plaintiffs have not further supplemented their responses to indicate that all responsive documents have been produced and no responsive documents are being withheld, Plaintiffs are ordered to supplement their RFP responses. If Plaintiffs have withheld any responsive documents on the basis of privilege, Plaintiffs must supplement their responses to so indicate and a privilege log must be provided by October 21, 2026. *See* Fed. R. Civ. P. 26(b)(5)(A).

9. <u>RFP No. 25</u>

Defendant USBNA seeks "All DOCUMENTS [Plaintiffs] or anyone assisting [Plaintiffs] consulted, reviewed, or identified in response to the Requests for Admission and Interrogatories served in this case." (ECF No. 130, Exh. C at 21; Exh. D at 21); Jt. Stmt. re MTC Pls. at 21. Defendant USBNA argues that Plaintiffs' response that they would produce documents "identified in response to the Requests for Admission and Interrogatories" is incomplete and evasive because Plaintiffs did not specify whether they also produced documents they "consulted" or "reviewed." Jt. Stmt. re MTC Pls. at 22. Plaintiffs reply that their supplemental response makes clear they produced all non-privileged documents they have. *Id.* At the October 6, 2026 hearing, Plaintiffs clarified that they have produced all non-privileged and non-work-product documents that are responsive to this request, not limited to just documents that Plaintiffs "identified."

As Plaintiffs correctly raised in their objections, this request may be improper to the extent it seeks documents covered by the attorney work-product doctrine. (ECF No. 130, Exh. C at 21; Exh. D at 21); *see also Solis v. Tomco Auto Prods., Inc.*, 2012 WL 12878752, at *3 (C.D. Cal. Sept. 20, 2012) (sustaining work-product objection to requests to identify documents reviewed for purposes of responding to each interrogatory and request for admission). Plaintiffs are not required to produce documents responsive to this RFP that are privileged or protected by the work-product doctrine. Nonetheless, because Plaintiffs have confirmed they have provided responsive documents, the Court grants in part Defendant USBNA's motion to compel as to RFP No. 25. By October 21, 2026, to the extent Plaintiffs have not further supplemented their responses to indicate that all responsive documents have been produced and no responsive documents are being withheld, Plaintiffs are ordered to supplement their RFP responses. If Plaintiffs have withheld any responsive documents on the basis of privilege or work product, Plaintiffs must supplement their responses to so indicate and a privilege log must be provided by October 21, 2026. *See* Fed. R. Civ. P. 26(b)(5)(A).

**C. Plaintiff Peter Fong's Motions to Compel Defendant USBNA**

Plaintiff Peter Fong seeks to compel (1) Defendant USBNA's further responses to RFP Nos. 1-7 and 9-17 of Plaintiff's first set of RFPs; and (2) Defendant USBNA's further responses to Interrogatory Nos. 1, 5-9, and 11-15 of Plaintiff's first set of interrogatories. (ECF Nos. 123, 125.)

1. <u>Disclosure of Withheld Documents</u>

As in Defendant USBNA's motion to compel, Plaintiffs assert[3] that Defendants have failed to satisfy Rule 34(b)(2)(C) by specifying whether any responsive documents are being withheld on the basis of any objection made by Defendants. Jt. Stmt. re MTC

[3] The Court refers to "Plaintiffs" and "Defendants" when attributing the parties' arguments in this section because Plaintiffs Peter Fong and Sut Fong and Defendants USBNA and Bancorp respectively submitted joint arguments in the parties' joint statement regarding Plaintiff Peter Fong's motions to compel Defendant USBNA. *See* Jt. Stmt. re MTC USBNA at 1.

USBNA at 1-2; Jt. Stmt. re MTC Bancorp at 1-2 (ECF No. 133). The Court imposes the same requirements on all parties. Thus, to the extent Defendant USBNA has not supplemented its RFP responses to indicate that no responsive documents are being withheld, Defendant is ordered to supplement its RFP responses by October 21, 2026. If Defendant USBNA withholds responsive documents on the basis of any objection, Defendant must supplement its responses to so indicate. *See* Fed. R. Civ. P. 34(b)(2)(C). If Defendant USBNA withholds responsive documents on the basis of privilege, a privilege log must be provided by October 21, 2026. *See* Fed. R. Civ. P. 26(b)(5)(A). Accordingly, the Court grants in part Plaintiff Peter Fong's motion to compel.

2. <u>Interrogatory No. 1</u>

Interrogatory No. 1 requests that Defendant USBNA "IDENTIFY" all persons who were involved in the decision to drill or the act of drilling into Plaintiffs' safe deposit box. (ECF No. 131-2 at 5.) Defendant USBNA responds with the identifies of those who "were present when the Fongs' safe deposit box was drilled in November 2021." (*Id.* at 6.) Plaintiffs argue that the identities of the individuals involved in the decision to drill the safe deposit box, not just those who were present at the drilling, is relevant to permit Plaintiffs to depose them on how they determined that drilling into Plaintiffs' safe deposit box was lawful. Jt. Stmt. re MTC USBNA at 4-5.

Although Interrogatory No. 1 appears to have some relevance to Plaintiffs' claims, the issue is not ripe for the Court's review because the parties' submissions indicate the parties did not sufficiently meet and confer on the issues in this interrogatory. *See id.* at 5; Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251(b). The Court is not persuaded by Plaintiffs' submissions that meet and confer efforts would have been futile based on email exchanges from June 2026, especially when Plaintiff Peter Fong's motion was not filed until September 2026. *See* Jt. Stmt. re MTC USBNA at 5. Plaintiff Peter Fong's motion to compel is therefore denied without prejudice as to Interrogatory No. 1 because the parties did not sufficiently meet and confer on these issues before filing the Joint Statement as required by Local Rule 251(b). *See James v. Asian Fam. Mkt.*, 2026 WL

622729, at *2 (9th Cir. Mar. 5, 2026) ("The district court did not abuse its discretion by denying James' motion to compel discovery because of James' failure to meet and confer before filing the motion to compel.").

3. Interrogatory No. 5

Plaintiff Peter Fong seeks information about "the chain of custody of the contents from the moment of the drilling of PLAINTIFFS' safe deposit box until the present." (ECF No. 131-2 at 11.) Again, the issue is not ripe for the Court's review because the parties' submissions indicate the parties did not sufficiently meet and confer on the issues in this interrogatory. *See* Jt. Stmt. re MTC USBNA at 6; Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251(b). Plaintiff Peter Fong's motion to compel is therefore denied without prejudice as to Interrogatory No. 5.

4. RFP No. 3, Interrogatory Nos. 6, 7

RFP No. 3 and Interrogatory Nos. 6 and 7 seek information about any investigations Defendants undertook related to the allegedly missing contents of Plaintiffs' safe deposit box. (*See* ECF No. 131-1 at 11-12; ECF No. 131-2 at 12, 14-15.) Defendants argue they have already produced non-privileged investigatory materials and agreed to produce a privilege log for any attorney-client privileged communications, although none have been identified to date. Jt. Stmt. re MTC USBNA at 8. At the October 6, 2026 hearing, counsel for Defendants specified that they have produced redacted responsive documents. Defendants further argue that they may not disclose the existence of documents subject to regulatory privileges, namely, the privilege covering Suspicious Activity Reports ("SAR").[4] *Id.* at 8-9.

Under the Bank Secrecy Act, 31 U.S.C. §§ 5311 *et seq.*, banks must report suspicious transaction activities to the appropriate authorities through a SAR. Further, regulations promulgated under the Bank Secrecy Act provide that "[n]o national bank,

---

[4] Defendants also suggest that laws governing Confidential Supervisory Information similarly prohibit disclosure, but the authorities cited by Defendants refer only to the SAR privilege. *See id.* at 8-9.

and no director, officer, employee, or agent of a national bank, shall disclose a SAR or any information that would reveal the existence of a SAR." 12 C.F.R. § 21.11(k)(1)(i); *see also* 31 C.F.R. § 1020.320(e)(1)(i); 31 U.S.C. § 5318(g)(2)(A)(i). "The bar on disclosure does not necessarily extend to 'supporting' documentation, as long as such disclosure would not reveal the existence or contents of a SAR." *Garcia v. Navy Fed. Credit Union*, 2024 WL 4142678, at *4 (S.D. Cal. Sept. 10, 2024) (citation modified).

The Court finds that non-privileged information and documents responsive to RFP No. 3 and Interrogatory Nos. 6 and 7 are relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Further, contrary to Defendants' contentions that it may not disclose even the existence of documents that might implicate the SAR privilege, district courts have nonetheless directed a responding party to produce a privilege log. *See McNamara v. Wells Fargo & Co.*, 2022 WL 3019855, at *4 (S.D. Cal. July 29, 2022). The Court adopts this approach here. Thus, by October 21, 2026, to the extent Defendant USBNA has not already produced, Defendant USBNA is ordered to produce all documents that are "plainly outside of the SAR privilege and would reveal information regarding underlying facts, transactions, and documents upon which a SAR is based and not reveal the existence or non-existence of a SAR." *Id.* To the extent Defendant has not supplemented its responses to indicate that all responsive, non-privileged documents have been produced and no responsive, non-privileged documents are being withheld, Defendant must supplement its response(s) to indicate this by October 21, 2026. If Defendant USBNA contends that "a document's discoverability is less than clear" on SAR (or any other governmental or regulatory) privilege grounds, Defendant USBNA must provide a privilege log by October 21, 2026. *Id.*; *see also* Fed. R. Civ. P. 26(b)(5)(A). Accordingly, Plaintiff Peter Fong's motions to compel are granted in part and denied in part as to RFP No. 3 and Interrogatory Nos. 6 and 7.

5. <u>Interrogatory No. 8, RFP No. 5</u>

Plaintiff Peter Fong seeks information and documents regarding surveillance

video maintained by Defendants. First, Interrogatory No. 8 seeks information about surveillance video concerning Plaintiffs' safe deposit box. (ECF No. 131-2 at 17.) Defendant USBNA responds that there were no cameras in the room "where [Plaintiffs'] safe deposit box was drilled and/or its contents inventoried." (*Id.* at 18.) However, the Court agrees with Plaintiffs that this response is incomplete as Defendant fails to indicate whether any other relevant surveillance footage exists, notwithstanding that no cameras were in the room itself where Plaintiffs' deposit box was drilled. Defendant USBNA is therefore ordered to supplement its response by October 21, 2026 to address any other relevant surveillance video footage, including footage in front of where Plaintiffs' safety deposit box was stored, on November 17, 2021, the day of the drilling. Accordingly, Plaintiff Peter Fong's motion to compel is granted in part and denied in part as to Interrogatory No. 8.

Second, RFP No. 5 seeks a floor plan of the US Bank Sacramento branch showing the placement of surveillance cameras in the branch. (ECF No. 131-1 at 16.) The Court agrees with Defendants that this RFP implicates confidentiality and security concerns for the US Bank Sacramento branch. *See* Jt. Stmt. re MTC USBNA at 11. Therefore, balancing Plaintiffs' stated need for the information with Defendants' legitimate security concerns, the Court denies Plaintiff Peter Fong's motion to compel as to RFP No. 5. *See* Fed. R. Civ. P. 26(b)(1).

6. <u>RFP No. 9</u>

Under RFP No. 9, Plaintiff Peter Fong seeks documents and communications with law enforcement and regulatory agencies concerning Plaintiffs' allegations and this action. (ECF No. 131-1 at 23.) Plaintiffs assert that Defendants disclosed that their employees contacted the police regarding Plaintiffs' allegations. Jt. Stmt. re MTC USBNA at 12. Defendants argue the same objections on privilege grounds as to RFP No. 3 and Interrogatory Nos. 6 and 7—namely, regulatory privileges governing the disclosure of SARs. *Id.* The Court addressed these objections above (*see supra* III.C.4) and reaches the same conclusion, finding that non-privileged, responsive documents are

relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the Court grants in part Plaintiff Peter Fong's motion to compel as to RFP No. 9. Thus, by October 21, 2026, to the extent Defendant USBNA has not already produced, Defendant USBNA is ordered to produce all responsive documents outside the SAR privilege and supplement its response to RFP No. 9 to indicate whether all responsive, non-privileged documents have been produced and no responsive, non-privileged documents are being withheld. If Defendant USBNA withholds responsive documents on the basis of privilege, including any governmental or regulatory privileges, a privilege log must be provided by October 21, 2026. *See* Fed. R. Civ. P. 26(b)(5)(A).

7. RFP No. 10, Interrogatory No. 9

In RFP No. 10 and Interrogatory No. 9, Plaintiff Peter Fong seeks documents and information regarding other instances or disputes alleging missing property in a safety deposit box maintained by Defendants for other customers. (ECF No. 131-1 at 26; ECF No. 131-2 at 19.)

"To the extent Plaintiff seeks information about incidents that are not similar to his allegations, such information is not reasonably calculated to lead to the discovery of admissible evidence." *Jerra v. United States*, 2014 WL 12845032, at *3 (C.D. Cal. June 25, 2014). Here, the Court finds RFP No. 10 is overbroad and disproportionate to the needs of the case where it contains no limitation as to time, branch location, or facts comparable to Plaintiffs' allegations in this case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff Peter Fong's motion to compel is denied as to RFP No. 10.

While Interrogatory No. 9 could be narrowed to be relevant and proportional to the needs of this case, Defendant USBNA has already responded that "U.S. Bank is unaware of any relevant customer complaints similar to Plaintiffs' complaint (that is, involving items missing from a safe deposit box that was drilled as part of the Bank's safe deposit box consolidation project in 2021)." Jt. Stmt. re MTC USBNA at 15. Therefore, Plaintiff Peter Fong's motion to compel is denied as to Interrogatory No. 9.

/ / /

8. RFP No. 11

Plaintiff Peter Fong seeks the personnel files for Branch Manager Bobby Escalante and all others involved in handling Plaintiffs' safe deposit box from September 1, 2021 to December 31, 2021. (ECF No. 131-1 at 28.) Again, the issue is not ripe for the Court's review because the parties' submissions indicate the parties did not sufficiently meet and confer as to this interrogatory. *See* Jt. Stmt. re MTC USBNA at 16; Fed. R. Civ. P. 37(a)(1); E.D. Cal. L.R. 251(b). Plaintiff Peter Fong's motion to compel is therefore denied without prejudice as to RFP No. 11.

9. RFP No. 12

RFP No. 12 seeks insurance or indemnity agreements related to this action. (ECF No. 131-1 at 29-30.) Defendant USBNA responded that it was not aware of any such insurance agreement. (*Id.* at 31.) Plaintiffs dispute the wording of Defendant USBNA's response as improperly narrowed to "insurance agreement[s]" with "an insurance business" rather than to any insurance or indemnification agreement with any of Defendants' affiliated entities. Jt. Stmt. re MTC USBNA at 17. Defendants reply that Plaintiffs refused Defendants' offer to amend Defendant USBNA's response to clarify its response is not so limited; Plaintiffs deny this version of events. *Id.* at 17, 18. Thus, for whatever reason, Defendant USBNA has not amended its response.

"A court cannot order a party to produce documents that do not exist. Plaintiffs' mere suspicion that additional documents exist does not justify a motion to compel." *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011). "[T]he moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." *Bos. v. ClubCorp USA, Inc.*, 2019 WL 1873293, at *8 (C.D. Cal. Mar. 11, 2019); *see also Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 2623458 at *1 (S.D. N.Y. June 1, 2011) ("The burden is on the party seeking to compel discovery to cast doubt on the responding party's assertion that it does not have the requested information."). Here, it is unclear whether Plaintiffs have any other basis for their belief that relevant, responsive documents are being

withheld on RFP No. 12 other than the wording of Defendant USBNA's supplemental response, which Defendant has offered to broaden. *See* Jt. Stmt. re MTC USBNA at 18.

Plaintiffs object to Defendant USBNA's conditional response "[s]ubject to and without waiving" its "boilerplate" objections. *Id.* at 17. However, Plaintiffs include almost identical conditional language in their own discovery responses. (*See, e.g.*, ECF No. 130, Exh. A, at 2 ("Subject to and without waiving the foregoing objections . . .").) "Responses that are subject to and without waiving objections are not prohibited . . . . Even if the practice is criticized by some courts, such criticism does not provide a basis for requiring a responding party to withdraw its objections, especially when those objections are valid." *R. Fellen, Inc. v. Rehabcare Grp., Inc.*, 2016 WL 1224064, at *2 (E.D. Cal. Mar. 29, 2016). Although Plaintiffs characterize Defendant USBNA's objections as "boilerplate," Plaintiffs do not argue Defendant's objections are otherwise invalid. Further, the Court's requirement for both parties to supplement their responses to indicate whether responsive documents are being withheld pursuant to Rule 34(b)(2)(C) may resolve the parties' mutual concerns about whether the other side is withholding documents on the basis of objections. *See supra* III.B.2, III.C.1.

Accordingly, the Court grants in part Plaintiff Peter Fong's motion to compel as to RFP No. 12. As Defendant USBNA has offered, Defendant USBNA must supplement its response to clarify its response by October 21, 2026.

10. <u>RFP Nos. 13-15, Interrogatory Nos. 11-13</u>

Plaintiff Peter Fong seeks discovery concerning the relationship between Defendant USBNA, Defendant U.S. Bancorp, and "U.S. BANK OPERATIONS," including overlapping officers and directors, resources and organizational structures, and communications. (ECF No. 131-1 at 31, 32, 34; ECF No. 131-2 at 21, 22-23, 24.) Plaintiffs assert that this discovery is relevant because "the relationship between USBNA and Bancorp is hotly contested in this case." Jt. Stmt. re MTC USBNA at 18. Plaintiffs have alleged in the TAC that "because U.S. Bancorp is registered to do business in California and USBNA is not, and because USBNA is a wholly-owned subsidiary of U.S.

Bancorp that purports to be U.S. Bancorp's domestic banking subsidiary, Plaintiffs are informed and believe that USBNA and U.S. Bancorp work in concert for all purposes relevant here." TAC ¶ 10. In contrast, Defendants deny the characterization that Defendants' interrelationship is "hotly contested," claiming that Plaintiffs have no evidence they have a relationship with Defendant Bancorp and that Plaintiffs sued Bancorp "for pure harassment" where Plaintiffs' claims are limited to a safe deposit box maintained with Defendant USBNA. Jt. Stmt. re MTC USBNA at 18-19. Defendant Bancorp's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is simultaneously pending before the district judge. (*See* ECF No. 117.) Further, Defendant Bancorp's interrogatory responses state that it was not involved with Plaintiffs' safe deposit box or with events related to the drilling or Plaintiffs' allegedly missing property. (*See* ECF No. 133-2 at 6-7, *see also id.* at 8, 9, 11, 12, 15, 18, 19, 21, 22.)

The Court finds Plaintiff Peter Fong's requests are overbroad and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs have not justified discovery into the ownership, control, and interrelationship among the defendant entities where Plaintiffs' allegations that Defendant Bancorp had some involvement in the underlying events of the case appear speculative or conclusory, especially given Defendant Bancorp's verified interrogatory responses confirming it had no such involvement. Accordingly, Plaintiff Peter Fong's motions to compel as to RFP Nos. 13, 14, and 15 and Interrogatory Nos. 11, 12, and 13 are denied without prejudice. The Court notes its denial is without prejudice to renewal in the event the district judge denies Defendant Bancorp's motion to dismiss or grants jurisdictional discovery as requested by Plaintiffs in their opposition to the motion to dismiss. (*See* ECF No. 122 at 9.)

11. Interrogatory Nos. 14, 15

Plaintiff Peter Fong seeks information about Defendants' profits dating back to January 1, 2000. (ECF No. 131-2 at 25, 26.) Plaintiffs contend this information is relevant to punitive damages claimed by Plaintiffs. Jt. Stmt. re MTC USBNA at 20.

Regarding punitive damages, "[d]istrict courts in this and other circuits routinely allow discovery of information relating to a defendant's financial condition in advance of trial without requiring a special showing. Nevertheless, a district court has discretion to make an individualized determination under the facts of the case." *Schmitz v. Asman*, 2023 WL 3224474, at *2 (E.D. Cal. May 3, 2023) (citation modified); *but see, e.g.*, *Chhang v. W. Coast USA Props. LLC*, 2025 WL 2432512 (E.D. Cal. Aug. 22, 2025). Here, because the factual record in this case is not substantially developed, and Plaintiff Peter Fong's request is overbroad and not proportional to the needs of this case where he seeks financial information going back twenty-six years, the Court denies Plaintiff Peter Fong's motion to compel without prejudice as to Interrogatory Nos. 14 and 15. *See* Fed. R. Civ. P. 26(b)(1).

12. <u>RFP No. 16</u>

RFP No. 16 seeks Defendant USBNA's document retention policies. (*See* ECF No. 131-1 at 36.) "Courts in this Circuit have . . . found that document retention policies may be relevant under Rule 26." *McMorrow v. Mondelez Int'l, Inc.*, 2019 WL 3852498, at *3 (S.D. Cal. Apr. 19, 2019). "[C]ourts which have found that document retention policies may be relevant have taken different approaches to determining when it is appropriate to order production." *Id.* "On one end of the spectrum, some courts permit discovery of document retention policies without any preliminary showing by the moving party of spoliation or discovery misconduct." *Id.* (citation modified). "On the opposite end of the spectrum, some courts refuse to allow discovery of document retention policies unless the movant first establishes that spoliation is a legitimate issue in the case." *Id.* (citation modified). "In the middle of the spectrum, some courts permit discovery of document retention policies without a showing of spoliation or discovery misconduct, but only in circumstances where the non-moving party has claimed that requested discovery documents are 'unavailable,' or when there are indicia that the discovery process was not thorough, reliable, or transparent." *Id.* (citation modified). The Court adopts the middle approach in this case.

Here, Plaintiffs have presented evidence that the discovery process may not have been thorough, reliable, or transparent. Although Defendants now contend that there was never any video surveillance in the areas where the drilling and inventorying of Plaintiffs' safe deposit box took place, it remains unclear whether any otherwise responsive video surveillance became unavailable due to Defendant USBNA's retention policies. For instance, Plaintiffs identify two documents in which contrary statements made by Defendants' representatives suggest that other relevant video surveillance may have existed but are now missing. *See* Jt. Stmt. re MTC USBNA at 22. First, in a February 16, 2022 response letter to Plaintiffs' complaint filed with the Consumer Financial Protection Bureau ("CFPB"), a U.S. Bank representative states that Plaintiffs may "request a copy of any available video surveillance" by serving a "court issued subpoena." (ECF No. 17-2 at 3.) Second, in an email dated October 18, 2023, Defendants' former counsel indicated that "there is no video of the drilling. The retention period is 90 days." (ECF No. 131-5 at 1.)

Thus, Defendant USBNA's retention policies are discoverable. However, the request as written is overbroad and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). As Plaintiffs have only raised concerns with respect to Defendant USBNA's video surveillance, the Court finds that Defendant need only produce its document retention policies governing the retention of its video surveillance recordings between November 17, 2021, which is when the drilling allegedly occurred; and February 16, 2022, the date of Defendants' CFPB response letter inviting Plaintiffs to serve a subpoena for available video surveillance and the 90th day after November 18, 2021.

Accordingly, Plaintiff Peter Fong's motion to compel as to RFP No. 16 is granted in part. By October 21, 2026, Defendant USBNA must produce its video-surveillance retention policies that were in effect from November 17, 2021 to February 16, 2022.

**D. Plaintiff Peter Fong's Motion to Compel Defendant Bancorp**

Plaintiff Peter Fong seeks to compel (1) Defendant Bancorp's further responses to

RFP Nos. 1-18 of Plaintiff's first set of RFPs; and (2) Defendant Bancorp's further responses to Interrogatory Nos. 1-15 of Plaintiff's first set of interrogatories. (ECF Nos. 124, 126.) As noted previously, Defendant Bancorp's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is simultaneously pending before the district judge. (*See* ECF No. 117.) Because a decision on Defendant Bancorp's motion to dismiss may render moot Plaintiff Peter Fong's discovery requests, Plaintiff's motions to compel Defendant Bancorp are denied without prejudice to renewal in the event the district judge denies Defendant Bancorp's motion to dismiss or grants jurisdictional discovery as requested by Plaintiffs in their opposition to the motion to dismiss.[5]

**E. Attorneys' Fees**

Plaintiff Peter Fong and Defendant USBNA each seek attorney's fees and costs for bringing their motions to compel. (ECF Nos. 118, 119, 123, 124, 125, 126.) Under Rule 37, if a motion to compel is granted in part and denied in part, the court may apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, because the Court is granting-in-part and denying-in-part, or denying without prejudice, Plaintiff Peter Fong's and Defendant USBNA's motions to compel, the Court declines to award any expenses. Plaintiffs and Defendants shall bear their own fees and costs related to their motions to compel.

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff Peter Fong's Request to Seal (ECF No. 132) is GRANTED:

    a. Plaintiffs are directed to email Exhibit F to the parties' discovery dispute joint statement regarding Plaintiff Peter Fong's motions to compel Defendant USBNA (ECF No. 131-6) for filing under seal to

---

[5] The Court notes that the same or similar objections and arguments are raised as to several of Plaintiff's RFPs and interrogatories to Defendant Bancorp that were raised regarding Defendant USBNA. Therefore, if Plaintiff Peter Fong renews his motion to compel as to Defendant Bancorp, Plaintiff must address whether the Court should rule differently as to the same or similar objections and arguments that were raised as to Defendant USBNA.

approvedsealed@caed.uscourts.gov;

2. Defendant USBNA's motion to compel Plaintiffs' further responses to its first set of interrogatories (ECF No. 118) is GRANTED IN PART and DENIED IN PART as set forth above;

3. Defendant USBNA's motion to compel Plaintiffs' further responses to its first set of requests for production ("RFP") (ECF No. 119) is GRANTED IN PART and DENIED IN PART as set forth above;

4. Defendant USBNA's request for attorney's fees and costs (ECF Nos. 118, 119) is DENIED;

5. Plaintiff Peter Fong's motion to compel Defendant USBNA's further responses to Plaintiff's first set of RFPs (ECF No. 123) is GRANTED IN PART and DENIED IN PART as set forth above;

6. Plaintiff Peter Fong's motion to compel Defendant USBNA's further responses to Plaintiff's first set of interrogatories (ECF No. 125) is GRANTED IN PART and DENIED IN PART as set forth above;

7. Plaintiff Peter Fong's motions to compel Defendant U.S. Bancorp's ("Bancorp") further responses to Plaintiff's first set of RFPs (ECF No. 124) and Plaintiff's first set of interrogatories (ECF No. 126) are DENIED without prejudice; and

8. Plaintiff Peter Fong's request for attorney's fees and costs (ECF Nos. 123, 124, 125, 126) is DENIED.

Dated: October 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, fong.1291.22